UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Lance Goodin and Justin Fanty,<br><br>    Plaintiffs,<br><br>vs.<br><br>John Laporte, *et al.*,<br><br>    Defendants. | 2:24-cv-02156-MDC<br><br>REPORT AND RECOMMENDATION |

 Pending before the Court are *pro se* plaintiffs' *Motion/Application to Proceed In Forma Pauperis* (ECF No. 1) and Complaint (ECF No. 1-1). For the reasons stated below, the Court RECOMMENDS dismissing the Complaint, in its entirety without leave to amend. The Court also RECOMMENDS denying the IFP application as moot.

**DISCUSSION**

**I. COMPLAINT**

 **A. Legal Standard**

 When a plaintiff seeks to proceed IFP, the court must screen the complaint. 28 U.S.C. § 1915(e). Section 1915(e) states that a "court shall dismiss the case at any time if the court determines that (A) the allegations of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2)(A), (B)(i)-(iii). Dismissal for failure to state a claim under § 1915(e) incorporates the same standard for failure to state a claim under Federal Rule of Civil Procedure Rule 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckley v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"A document filed pro se is "to be liberally construed" and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal citations omitted). If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, **unless** it is clear from the face of the complaint that deficiencies could not be cured through amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (emphasis added). At issue is whether plaintiff's complaint states a plausible claim for relief.

### B. Analysis

Plaintiffs' claims are for [1] perjury under 18 U.S.C. § 1621, [2] mail theft under 18 U.S.C. § 1708, and [3] defamation under 28 U.S.C. § 1401. Plaintiffs have failed to state a claim upon which relief can be granted. Therefore, the Court recommends dismissing their complaint in its entirety.

#### a. Judicial Immunity

Plaintiffs list a "Judge David Brown" as defendant. The eviction matter that seems to underly plaintiffs' claims was heard by Judge David Brown. *See* ECF No. 1-1 at 12. Plaintiffs' claims against David Brown are barred as a matter of law. *See Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) ("Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities."). "Judicial immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Ashelman*, 793 F.2d at 1075 (citing *Cleavinger v. Saxner*, 474 U.S. 193, 106 S. Ct. 496, 500, 88 L. Ed. 2d 507 (1985)). "A judge loses absolute immunity only when he acts in the clear absence of all jurisdictions or performs an act that is not judicial in nature." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (internal citations omitted); *see also Forrester v. White*, 484 U.S. 219, 227, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988) (a judicial act "does not become less judicial by virtue of an allegation of malice or corruption of motive"); *Stump v. Sparkman*, 435 U.S. 349, 355–57, 98 S.Ct. 1099, 1104–05, 55 L.Ed.2d

331 (1978) ("Grave procedural errors or acts in excess of judicial authority do not deprive a judge of this immunity."). This immunity extends to hearing masters. *Morrison v. Jones*, 607 F.2d 1269, 1273 (9th Cir. 1979); *Sharma v. Stevas*, 790 F.2d 1486, 1488 (9th Cir. 1986); *Olsen v. Idaho State Bd. of Med*, 363 F.3d 916, 923 (extending judicial immunity to "agency representatives performing functions analogous to those" of "a judge"). Thus, claims against Judge David Brown are barred as a matter of law.

      **b.  There Is No Private Right Of Action For Criminal Statutes**

Title 18 of the United States Code is the federal criminal code. *See* 18 U.S.C. § 1 *et seq.* ("Crimes and Criminal Procedure"). Federal criminal statutes "generally do not give rise to private rights of action." *Robertson v. Catholic Cmty. Servs. of W. Wash.*, 2023 U.S. App. LEXIS 12658, at *2 (9th Cir. 2023) (citing *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190, 114 S. Ct. 1439, 128 L. Ed. 2d 119 (1994)). Courts are reluctant to "infer a private right of action from 'a bare criminal statute.'" *Cent. Bank of Denver, N.A.*, 511 U.S. at 190. Courts have only conferred a private right of action where "there was at least a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." *Abcarian v. Levine*, 972 F.3d 1019, 1026 (9th Cir. 2020) (citing *Chrysler Corp. v. Brown*, 441 U.S. 281, 316, 99 S. Ct. 1705, 60 L. Ed. 2d 208 (1979)). Neither one of plaintiff's claims for perjury (18 U.S.C. § 1621) nor mail theft (18 U.S.C. § 1708) provide for a private right of action. There is no common law, private right of action for perjury or mail theft under Nevada law. *See Klaneski v. Malco Enterprises of Nevada, Inc.*, 2021 U.S. Dist. LEXIS 259083, at *2 (D. Nev. Sept. 21, 2021) ("there is no private right of action by which a private citizen could sue for damages under [NRS 199.120]."); *see also* NRS § 205.975 (the language of NRS § 205.975 does not provide for a private right of action).

      **c.  28 U.S.C. § 4101 Does Not Provide For Federal Jurisdiction In This Case**

Plaintiffs also list a claim of "slander" under 28 U.S.C. § 4101. However, 28 U.S.C. § merely defines defamation, as it relates to foreign judgments but does not create a basis for a cause of action. Defamation is a state law claim. Although 28 U.S.C. § 1367 may allow for plaintiffs to bring state law

claims, plaintiffs cannot bring a state law defamation claim because her federal claims fail. *See* 28 U.S.C. § 1367 ("[T]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if the district court has dismissed all claims over which it has original jurisdiction."). As noted above, the only other federal claims plaintiffs allege are Title 18 claims, which have no private right of action. Therefore, there is neither federal jurisdiction nor supplemental jurisdiction over plaintiffs' defamation claim.

## II.  IFP APPLICATION

Because all of plaintiffs' claims are barred as a matter of law, the Court recommends denying the IFP application as moot. However, denial is also appropriate because plaintiffs submitted a singular IFP application. The Court reminds plaintiffs that each plaintiff seeking to proceed *in forma pauperis* must submit an individual IFP application. Thus, denial is also appropriate on these grounds.

## III. CONCLUSION

Plaintiffs have failed to plausibly state a claim upon which relief can be granted. Two of plaintiffs' claims are Title 18 claims. Neither 18 U.S.C. § 1621 nor 18 U.S.C. § 1708 provide for a private right of action. The remaining claim is a defamation claim under 28 U.S.C. § 4101 which merely defines defamation as it relates to foreign judgments. Section 4101 does not by itself provide for a right of action. Because plaintiffs' other federal claims (i.e., the Title 18 claims) provide for no private right of action, there is no supplemental jurisdiction for any state law defamation claims. Furthermore, plaintiff names at least one defendant, "Judge David Brown" who is entitled to judicial immunity. All of plaintiffs' claims are barred as a matter of law and thus, amendment would be futile.

ACCORDINGLY,

**IT IS RECOMMENDED that:**

1. The Complaint (ECF No. 1-1) is dismissed in its entirety without leave to amend.

2. The IFP application (ECF No. 1) is denied as moot.

DATED this 26th day of November 2024.

IT IS SO RECOMMENDED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

### NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.